UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELLIOT SANDLER,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP MORRIS USA INC., R.J. REYNOLDS TOBACCO COMPANY, as successor in interest to BROWN & TOBACCO COMPANY, as successor by merger to AMERICAN TOBACCO COMPANY, and STOP & SHOP SUPERMARKET COMPANY, LLC,<br><br>    Defendants. | Case No. _____ |

**DEFENDANT PHILIP MORRIS USA INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Philip Morris USA Inc. ("PM USA") hereby gives notice of removal of this action, captioned *Elliot Sandler v. Philip Morris USA Inc., et al.*, No. 2282-cv-00220, from the Superior Court of Norfolk County, Massachusetts to the United States District Court for the District of Massachusetts.[1] Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, PM USA states the following:

**I.   BACKGROUND**

1. On September 15, 2021, Plaintiff Elliot Sandler filed a Complaint and Jury Trial Demand in the Superior Court of Norfolk County, captioned *Sandler v. Philip Morris USA, Inc.,*

---

[1] By removing this action to this Court, PM USA does not waive any defenses, objections, or motions available under state or federal law. PM USA expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal based on lack of personal jurisdiction, improper venue, and/or the doctrine of *forum non conveniens*.

*et al.*, No. 2182-CV-00851 (Mass. Super. Ct., Norfolk Cnty.).  Plaintiff named PM USA, R.J. Reynolds Tobacco Company ("Reynolds"), and The Stop & Shop Super Market Company, LLC ("Stop & Shop") as defendants in the action.  On September 20, 2021 PM USA removed the case to the United States District Court for the District of Massachusetts.  *See Sandler v. Phillip Morris USA, Inc., et al.,* Civ. Action No. 21-cv-11542-AK ("Original Action") (Dkt. No. 1).

2. In the Original Action, Plaintiff seeks damages for his bladder cancer that he alleges was caused by smoking cigarettes manufactured by PM USA and Reynolds (as well as non-party Liggett Group, LLC), and sold by Stop and Shop.  *See id.,* Dkt. No. 1-3, ¶¶ 1, 2, 3, 15, 24, 32, 131, 136, 143, 151, 162.

3. Sandler filed a motion to remand the Original Action on October 25, 2021.  *Id.* at Dkt. No. 13.  Judge Kelly denied the motion as untimely filed on February 9, 2022.

4. Defendants PM USA and Reynolds moved to dismiss Counts I, II and II of the Original Action on October 28, 2021.  *Id.* at Dkt. No. 20.  Stop & Shop also filed a motion to dismiss the Original Action on October 28, 2021.  *Id.* at Dkt. No. 22.  These motions are fully briefed and awaiting a decision by the Court.

5. As of today, the Original Action remains pending in the District of Massachusetts.

6. On March 10, 2022, Plaintiff Elliot Sandler filed a second Complaint and Jury Trial Demand in the Superior Court of Norfolk County, captioned *Sandler v. Philip Morris USA, Inc., et al.*, No. 2282-cv-00220 (Mass. Super. Ct., Norfolk Cnty.) ("Second Filed Action").  *See* Complaint attached as Exhibit A.  Plaintiff named PM USA, Reynolds, Liggett Group, LLC ("Liggett") and Stop & Shop as defendants in the action.

7. The Second Filed Action asserts virtually identical allegations against the

Defendants.[2]  The Second Filed Action also seeks the identical damages for his bladder cancer that he alleges in the Original Action were caused by smoking cigarettes manufactured by PM USA, Reynolds, Liggett Group, LLC, and sold by Stop and Shop.  *See* Ex. A,  1, 2, 3, 15, 24, 32, 140, 145, 152, 160, 171.

8. As explained below – for purposes of diversity jurisdiction – Plaintiff is a citizen of Maine; PM USA is a citizen of Virginia; Reynolds is a citizen of North Carolina; Liggett is a citizen of Delaware, North Carolina and Florida; and Stop & Shop is a citizen of Maryland and Massachusetts.  *See* Ex. A ¶¶ 16, 17, 18, 19, 20.

9. In his civil action coversheet, Plaintiff claims $351,291.82 in damages.  *See* Ex. B, Second Filed Action Civil Coversheet.

## II. NOTICE OF REMOVAL IS TIMELY

10. The Second Filed Action, which was filed on March 10, 2022 in the Superior Court of Norfolk County, was the first pleading from which it could be ascertained that this case is removable.

11. PM USA has not been formally served with Plaintiff's Complaint and therefore, the 30 day time limit to remove under 28 U.S.C. § 1446(b) has not started to run.  Further, upon information and belief, neither Reynolds, Liggett nor Stop & Shop have been served with Plaintiff's Complaint.

12. This Notice of Removal is timely because it is filed within one year of the commencement of this action.  *See* 28 U.S.C § 1446(c)(1).

---

[2] In the Original Action Plaintiff confusingly seemed to assert claims against Liggett Group, yet did not actually include them on the as a Defendant in the caption.  *See* Original Action, Dkt. No. 1-3, ¶ 19.  Plaintiff appears to have corrected that with the Second Filed Action.  *See* Ex. A, caption.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

13. Under the provisions of 28 U.S.C. § 1332, this Court would have original jurisdiction over this case and therefore, this case may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

14. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . " 28 U.S.C. § 1332(a)(1). PM USA recognizes that under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

15. As explained below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Maine, each Defendant is a citizen of a state other than Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" does not prevent removal of this action because the only defendant that may be a citizen of the Commonwealth of Massachusetts (Stop & Shop) has not been "properly joined and served" insofar as it has not yet been served with the Complaint in the Second Filed Action.

16. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Since this Court has "original

4

jurisdiction" over this action under 28 U.S.C. § 1332, this case may be removed pursuant to 28 U.S.C. § 1441.

### A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

17. Plaintiff is a resident and citizen of the Commonwealth of Maine. *See* Ex. A, ¶ 16. ("The Plaintiff, Elliot Sandler, born on June 8, 1945, is a resident of Readfield Maine.").

18. Plaintiff alleges that, "Defendant Philip Morris is a Virginia corporation…." *Id.*, ¶ 17. PM USA's principal place of business is located in Richmond, Virginia. Thus, PM USA is a citizen of Virginia for purposes of diversity jurisdiction. PM USA has not been served in this action.

19. Plaintiff alleges that, "Defendant R.J. Reynolds is a North Carolina corporation…." *Id.*, ¶ 18. Reynolds' principal place of business is located in Winston-Salem, North Carolina. Thus, Reynolds is a citizen of North Carolina for purposes of diversity jurisdiction. Based on information and belief, Reynolds has not been served in this action.

20. Plaintiff alleges that, "Defendant Liggett is a Delaware corporation …." *Id.*, ¶ 19. Based on information and belief, Liggett is a Delaware limited liability corporation with its principal place of business in North Carolina. Upon further information and belief, (i) VGR Holding LLC is the sole member of Liggett Group LLC; (ii) VGR Holding LLC is a Delaware limited liability corporation with its principal place of business in Florida; (iii) Vector Group Ltd. is the sole member of VGR Holding LLC; and (iv) Vector Group Ltd. is a Delaware corporation with its principal place of business in Florida. None of Liggett Group LLC's members are citizens of Maine.

21. Plaintiff alleges that, "Defendant Stop & Shop is a Delaware limited liability company with its principal office at 1385 Hancock Street, Quincy, Massachusetts." *Id.*, ¶ 20.

5

Upon information and belief, the sole member of The Stop & Shop Supermarket Company LLC is Ahold U.S.A., Inc.  Upon further information and belief, Ahold U.S.A., Inc. is a Maryland corporation with its principal place of business in Quincy, Massachusetts.  Thus, Stop & Shop is a citizen of Maryland and Massachusetts for purposes of diversity jurisdiction.  Based on information and belief, Stop & Shop has not yet been served in this action.

22. As explained above, for purposes of diversity jurisdiction, Plaintiff is a citizen of Maine and Defendants are citizens of Virginia, North Carolina, Delaware, Florida, Maryland, and Massachusetts.  Accordingly, diversity of citizenship exists between Plaintiff and Defendants.

23. Because Plaintiff has not yet served Defendant Stop & Shop — the only possible forum defendant (*i.e.*, a citizen of Massachusetts) — 28 U.S.C. § 1441(b)(2) does not bar removal of this action to federal court.  *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

24. The First Circuit has explained that it has not yet addressed the forum-defendant rule in the context of pre-service removals, but has recognized that "service is not generally a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed." *Novak v. Bank of N.Y. Mellon Trust Co.*, 783 F.3d 910, n.1 (1st Cir. 2015).  Although some Courts in Massachusetts have held that removal is not proper until at least one defendant has been served,[3] the more recent trend in federal courts has been to follow

---

[3] *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 314 (D. Mass. 2013) ("[B]y it's plain language, [28 U.S.C. § 1441(b)] does not permit removal of [a] non-federal question case before any defendant has actually been served."), *Adams v. Beacon Hill Staffing Grp., LLC*, No. 15-cv-11827-ADB, 2015 WL 6182468 (D. Mass. Oct. 21, 2015) ("removal based on diversity is prohibited until at least one defendant has been served").

4878-9512-4756 v1

the plain language of the statute. In the intervening time since courts in this District first addressed the issue, the U.S. Courts of Appeal for the Second, Third, and Fifth Circuits have all concluded that an action may be removed from state court pursuant to 28 U.S.C. § 1441(b)(2) if complete diversity exists between the parties and the notice of removal is filed before any forum defendant has been served. For example, in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, the Third Circuit rejected the plaintiff's argument that the district court erred in denying remand of a case in which — like here — complete diversity existed between the parties and the defendant removed the case to federal court before any forum defendant was served. 902 F.3d 147 (3rd Cir. 2018). The Third Circuit began its analysis by recognizing that "[w]here federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies," but "that ***the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served***." *Id.* at 152 (emphasis added). The Second and Fifth Circuits have reached similar conclusions, explaining that "the result [] – that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship – is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair." *Gibbons v. Bristol-Myers-Squibb Co.*, 919 F.3d 699, 707 (2nd Cir. 2019) (holding that home-state defendants were entitled to remove actions to federal court on the basis of diversity after the suits were filed in state court, but before any defendant was served, notwithstanding the forum defendant rule); *Texas Brine Co., L.L.C., v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (noting that the text of the statute is unambiguous and also holding that a "non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state"); *see also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001)

("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). Because Plaintiff has not yet "properly joined and served" Defendant Stop & Shop, this case is removable to this Court.

        **B.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

25.    The amount in controversy exceeds $75,000, exclusive of interest and costs. In his complaint, Plaintiff alleges that he developed bladder cancer as a result of smoking cigarettes. *See* Ex. A, ¶¶ 1, 2, 3, 15, 24, 32, 131, 136, 143, 151, 162, 171. Plaintiff's Civil Cover Sheet for the Second Filed Action alleges that his documented medical expenses are $251,291.82 and his reasonably anticipated future medical and hospital expenses are $100,000 for a combined, total sum of $351,291.82. *See* Ex. B. Plaintiff also seeks significant unspecified damages for "pain and suffering" relating to his bladder cancer. *See* Ex. A. ¶ 33, 138, 152, Prayer for Relief.

26.    Although PM USA asserts that Plaintiff cannot prove his claims and should not recover any damages, it is clear that he is seeking to recover damages in excess of the jurisdictional limit.

**IV.    CONSENT TO REMOVAL**

27.    As explained above, upon information and belief, no defendants have been "properly joined and served" and therefore consent is not required at this time and the requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied. *See Murphy v. Newell Operating Co.*, 245 F. Supp. 2d 316, 318 (D. Mass. 2003).

**V.    VENUE IS PROPER**

28.    The United States District Court for Massachusetts is the federal district court encompassing the Norfolk County Superior Court, where this suit was originally filed. *See* 28

U.S.C. § 101.  This action is therefore being removed to the United States District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

## VI.   NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT AND COPIES OF ALL PLEADINGS

29. PM USA recognizes that 28 U.S.C. § 1446(a) requires a true and correct copy of all process and pleadings be attached to this Notice of Removal.  Because PM USA has not yet been served in this matter, there are no pleadings to be attached at this time (but a copy of the Complaint and Civil Cover Sheet for the Second Filed Action are attached as Ex. A and Ex. B).

30. Pursuant to Local Rule 81.1, PM USA will file in this Court certified or attested copies of all records and proceedings in the state court action, as well as a certified or attested copy of all docket entries therein, within 28 days of the filing of this Notice of Removal.  *See* D. Mass. L.R. 81.1(a) ("Within 28 days after filing a notice for removal of an action from a state court to this court pursuant to 28 U.S.C. § 1446, the party filing the notice shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.").

31. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and Defendants, and filed with the Norfolk County Superior Court.  *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

32. PM USA reserves the right to amend or supplement this Notice of Removal.

## VII.   DEMAND FOR JURY TRIAL

33. PM USA hereby demands a jury trial as to all claims triable in this action.

## VIII. CONCLUSION

WHEREFORE, PM USA hereby gives notice that the action captioned *Elliot Sandler v. Philip Morris USA Inc., et al.*, No. 2282-cv-00220, from the Superior Court of Norfolk County, Massachusetts is removed to the United States District Court for the District of Massachusetts.

Dated: March 11, 2022

Respectfully submitted,

PHILIP MORRIS USA INC.,
By its attorneys,

/s/ Melissa Nott Davis

Melissa Nott Davis (BBO# 654546)
SHOOK , HARDY & BACON L.L.P.
One Federal Street, Suite 2540
Boston, MA 02110
Telephone: (617) 531-1411
Facsimile: (617) 531-1602
mndavis@shb.com

John M. Lyons (BBO# 569500)
SHOOK, HARDY & BACON L.L.P.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 278-2555
Facsimile: (215) 278-2594
jlyons@shb.com

***Counsel for Philip Morris USA Inc.***

4878-9512-4756 v1

## CERTIFICATE OF SERVICE

      I hereby certify that, on March 11, 2022, that this document filed through the CM/ECF system will be sent electronically to registered participants identified in the NEF (NEF) and electronic copies will be sent to those indicated as non-registered participants and any known counsel for the parties.

*Melissa Nott Davis*
_____
*Counsel for Philip Morris USA Inc.*

4878-9512-4756 v1