UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ELLIOT SANDLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 22-cv-10379-ADB |
| R.J. REYNOLDS TOBACCO CO., PHILIP MORRIS USA INC., LIGGETT GROUP LLC, and STOP & SHOP SUPERMARKET COMPANY, LLC, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM & ORDER

BURROUGHS, D.J.

Currently before the Court are Elliot Sandler's ("Plaintiff") motion to remand, [ECF No. 26], and motions to dismiss by Stop & Shop Supermarket Company, LLC, Philip Morris, and R.J. Reynolds Tobacco Company (collectively, "Defendants"), [ECF Nos. 22, 24]. For the reasons stated herein, Plaintiff's motion to remand is **GRANTED** and Defendants' motions to dismiss are **DENIED** as moot.

I. **BACKGROUND**

On March 10, 2022, Plaintiff filed the operative complaint in Norfolk County Superior Court. [ECF No. 1-1 ("Compl.") at 2]. The very next day, March 11, 2022, and before any defendant had been served, see [ECF No. 1 ¶¶ 18–21; ECF No. 31 at 1], Defendant Philip Morris USA Inc. removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b), [id.]. Defendants then filed separate motions to dismiss on April 8, 2022.

[ECF Nos. 22, 24]. In response, Plaintiff moved for remand, [ECF No. 26], Defendants opposed, [ECF No. 31], and Plaintiff replied, [ECF No. 35].

## II.     DISCUSSION

The issue before the Court involves the application of 28 U.S.C. § 1441(b)(2), also known as the "forum defendant" rule. The statute provides that removal on the basis of diversity is not permissible "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule applies here because one of the Defendants, Stop & Shop Supermarket Company, LLC ("Stop & Shop"), is a citizen of Massachusetts. See [ECF No. 1 ¶ 21]. In an apparent effort to do an end run around the forum defendant rule, Defendant Philip Morris removed the action prior to any defendant being served. Defendants nonetheless argue that removal was proper because, at the time of removal, no party "properly joined and served as [a] defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

This exact argument, however, has been uniformly rejected in this Circuit. In the seminal case on this issue, Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 318 (D. Mass. 2013), Judge Woodlock explained that the text of Section 1441(b)(2) "assumes at least one party has been served" at the time of removal. Moreover, all other sessions of this court to have addressed the issue agree that in cases involving forum defendants, removal is not proper before any defendant has been served. See Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313, 314 (D. Mass. 2013); Howard v. Genentech, Inc., No. 12-cv-11153, 2013 WL 680200, at *1 (D. Mass. Feb. 21, 2013); Lothrop v. N. Am. Air Charter, Inc., No. 13-cv-10235, 2013 WL 3863917, at *1–2 (D. Mass. July 11, 2013); Adams v. Beacon Hill Staffing Grp., LLC, No. 15-cv-11827, 2015 WL 6182468, at *4 (D. Mass. Oct. 21, 2015); DaSilva v. Germany, 514 F. Supp. 3d 393, 397–98 (D. Mass

2021); see also Rizzi v. 178 Lowell Street Operating Co., 180 F. Supp. 3d 66, 68–69 (D. Mass. 2016).  This reading of the statute also prevents the sort of gamesmanship the Supreme Court suggested should be discouraged in Pullman Co. v. Jenkins, 305 U.S. 534 (1939).  While Pullman addressed manipulation of procedural rules by a plaintiff seeking to avoid removal, the interpretation of Section 1441(b)(2) adopted here addressed the inverse scenario, wherein a defendant seeks to manipulate the same rules to ensure removal.  Absent this interpretation, a sophisticated forum defendant could avoid ever having to litigate in state court by closely monitoring court dockets and removing actions before any defendant can be served.  Gentile, 934 F. Supp. 2d at 321; DaSilva, 514 F. Supp. 3d at 397–98.  Indeed, Defendants' actions in this case reflect the exact concerns expressed by other courts in this district and evidence the wisdom of the rule adopted by them.

      The Court is further unpersuaded by Defendants' argument that Plaintiff waived his ability to move for remand because he failed to timely do so in a prior action.  See [ECF No. 31 at 2–3].  Defendants do not cite any case law to support their argument that a party's procedural error in a former action should constrain its actions in a subsequent case.  The Court undertook its own research on this point and is aware of only one prior order—which Plaintiff cited in his reply—that addresses this issue.  In Sears Holding Corp. v. Ace Am. Ins. Co., No. 06-cv-01263, 2007 WL 9772249, at *2 (S.D. Miss. Oct. 29, 2007), the court found that a party's action—such as waiving an objection to a procedural defect in removal by not timely raising the objection— "in a separate case . . . should not, and does not, act as a waiver of [his or her] right to object to a procedural defect in the removal of [a subsequent] case."  The Court agrees and finds that Plaintiff's failure to timely to object to removal in a prior action has no effect on his ability to object to removal in the instant case.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's motion to remand, [ECF No. 26], is <u>GRANTED</u> and this matter is remanded to the Superior Court of Norfolk County.

**SO ORDERED.**

December 5, 2022

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE
